Good morning. We have two cases on calendar that will be submitted on the briefs. Those are 22, excuse me, 24-1312 United States versus William Ernest Fuller and 24-4667 Maria Luisa Jocol-Solis versus Bondi. In accordance with the respective orders previously entered on the dockets of those cases, those two cases are hereby submitted on the briefs. We'll then proceed to hear argument in the first case on calendar for argument, which is 24-4187 United States of America versus Misael Armando Taracena-Elias. And we will hear first from Mr. Hartzell. Good morning, Your Honors. Madam Clerk, Mr. Russell. Before I get into the gist of the argument, I must acknowledge that this case involves a terrible tragedy and the deaths of innocent persons, deaths that are still reverberating through the Tohono O'odham Nation, and I don't, by focusing on the sanitized application of law and guideline, case, and rule, ignore that for a moment. But when we get into that sanitized analysis here, the first thing to dispatch to take care of is the government's insistence that this is a plain error review. The government relies on Rule 50, 51, Rule 50, Federal Rules of Criminal Procedure, saying that Mr. Taracena-Elias did not object to the enhancement that was imposed by the district court judge. But, in fact, it's the government who objected to the recommendations by the probation department not to object. Well, didn't counsel say at the sentencing that counsel, defense counsel, agreed with the probation officer's position? Yes. Isn't that a statement of what the defendant wanted the district court to do and why? Yes. Therefore, it would seem to be preserved. I agree. It is preserved. And it's a Rule 32-F question, which objecting to the pre-sentence report does not even allow for, I mean, there's no mention of replies, responses, anything needed to preserve an exception. Given that, we're faced with a causation question. But adequate under Rule 32 to analyze the decision it made upholding, sustaining the objection by the government. When we look at what he said, he applied a fact-finding standard. He said that, oh, oh, the pre-sentence report made a mistake. And it did make a mistake. It cited a clear and convincing evidence standard when, in fact, under United States v. Lucas, this is a preponderance of the evidence standard. But the facts here were not in dispute. There was no question whether the facts had to be proven by clear and convincing evidence or by a preponderance of the evidence. It was almost as though the district court judge had this one teed up and ready to drive down the fairway just waiting. Well, how do you read what the district court said? What standard did the district court apply? It applied an evidentiary standard. Well, the probation office referred to the Eighth Circuit case and the clear and convincing evidence standard. And then the district court and then defense counsel said, I agree with what the probation office said. And then the district court said, well, the clear and convincing standard was wrong. Isn't the natural inference, then, that the district court applied the Eighth Circuit case that the probation office had? I don't believe, Judge Collins, that that is a natural inference here. It sure is not. Is not. I mean, the court said, all right, I disagree. The wrong standard was used. Pursuant to Lucas, it's no longer clear and convincing evidence on the matter. It is preponderance of the evidence. So therefore, I'm going to sustain the objection. He didn't deal at all with causation. He didn't deal at all with connection. Did you read that as the district court saying that, well, I wouldn't have sustained the objection if it were clear and convincing, but now that it's plain that it's preponderance? Is that how you read that? I find that the judge sustained the objection and did not explain why he sustained the objection, because as I said, there was no dispute in the evidence. If you're complaining about the adequacy of the explanation, why wouldn't that be reviewed for plain error? Because after the sentence had been imposed, the judge said, does anyone have anything further? And under our case law, that's the time where if you think the explanation was inadequate to speak up and say, you know, Your Honor, that explanation was a little bit vague. Can you clarify that? You didn't. Defense counsel didn't do that here. So why isn't that plain error? Because the trial court asked the defense counsel that other than objecting to my decision here, do you have any other objections to the pre-sentence report? So by saying that, any defense attorney would presume that it was preserved for appellate review, for de novo review and not for plain error. No, but I understand your substantive position is preserved. But when you're raising a separate objection, a procedural objection about the adequacy of the district court's explanation of the sentence, tell me why that isn't reviewed for plain error when no objection was made to the adequacy and when the judge asked if there were further issues, none were pointed out. I think perhaps, Your Honor, your scalpel was slicing a bit too thin. The entire sustaining of the objection was objected to. I mean, that position was observed. The fact that the position that I'm referring to page 23 of the excerpt. So he's imposed the sentence, explains the appeal rights, and then says, do you have any questions about the sentence I've imposed? The defendant? No, Your Honor. Mr. Rogers, anything additional? Mr. Rogers, nothing from the defense, Your Honor. All right, Mr. DeJou. And then the government does actually ask for clarification of one issue about the explanation. So why isn't that then a forfeiture of any contention about the inadequacy of the district court's explanation, meaning that that's reviewed for plain error? Because a reasonable attorney would believe that by objecting to the sustaining of the government's objection to the pre-sentence report, it was preserved in its entirety. This was a very, very brief statement by the trial court. Oh, they used the wrong standard. Therefore, I am sustaining the government's objection. He didn't comment at all upon the underlying facts. He didn't say that I find by a preponderance that this applies rather than that. The facts weren't in dispute. And so there was no explanation. Based on the facts that weren't in dispute, the driver blew through a stop sign at 59 miles an hour and hit into the Ford. Correct. Why isn't that sufficient to impose the sentencing adjustment under any standard of causation? Because in this circuit, under the guidelines and under and I have to admit, the circuit precedent is pretty thin on this. There has to be foreseeability and it wouldn't be foreseeable to the passenger that the driver wouldn't see the stop sign on the intersection of two dark roads and blow through it. And it wouldn't be foreseeable to the passenger. There has to be foreseeability to tag him with the driver's conduct or foreseeability as to the driver himself. It has to be foreseeable to my client, Tarasena Alias, to tag him with the driver's conduct. And I'm looking at relevant conduct under the guidelines section 1B1.3. And there, when it talks about concerted efforts, let me see. Counsel, wasn't a concerted effort for him to try to escape? That's part of the agreement that these co-conspirators have, right? Well, Tarasena Alias did not try to escape, Your Honor. Tarasena Alias was found in the front seat of the car, slapping the driver, trying to wake him up. There was another individual, an undocumented passenger, who did flee from the scene and was apprehended, but not my client, not Mr. Tarasena Alias. He was in the car when the border patrol showed up. And that's a good point, though, that you make, because in many of these cases cited by the government in which circuits are imposing the death enhancement, it did involve fleeing. And fleeing is, I would think, a reasonably foreseeable act if one were to flee from law enforcement, if one were to drive at a high speed away from law enforcement. But here, the fact that the driver, I mean, the driver didn't even slow down. It seems pretty clear. And here, once again, the district court judge didn't make any findings a factor, any conclusions other than to sustain the government's objection. It appeared that the driver didn't even know the stop light, or stop sign was there. The road continued on the other side. It wasn't a T-intersection and bland. He ran into the Ford pickup with all of the but you're almost out of time. I think we should hear from the other side. Very well, Your Honor. All right. So now we'll hear from Mr. Russell. Thank you, Your Honor. Good morning. May it please the court. My name is Craig Russell, appearing on behalf of the United States. The district court here correctly applied the 10 level enhancement for the death of the four victims in this case. Under the facts of the sentencing hearing, the district court also sufficiently explained its reasoning for imposing that enhancement. And lastly, any error here was not a clear and obvious error under plain error review. Well, you heard my colloquy with counsel. How can it possibly be plain error on the substantive point, given what counsel said on the record at the sentencing? Your Honor, I follow the court's logic in that regard. And I think with plain error, we made the argument here because Rule 51B sets out a contemporaneous objection rule, which requires both the not only an objection, but also the grounds for it here. It says we concur with the probation officer and her recommendations as to that objection. And we believe it was resolved in our favor. And we completely agree with her analysis. She had a substantive explanation with a case site. So that's their position. So I don't understand how you can say that that's plain error. Your Honor, I think our position on plain error goes more to the procedural reasonableness argument. And as the court pointed out a moment ago, your brief presented it as to the substantive point, too. I understand the procedural objection about the adequacy of the explanation. But in terms of the substantive position and the objection that there needed to be causation, at least in accordance with the Eighth Circuit standard, is preserved. All I would say to that, Your Honor, is the rule of criminal procedure 51B requires the grounds also in this issue of the standard of causation was never raised below specifically. The district court didn't have a chance to address it, is all the government is saying. But I think perhaps more importantly, your Honor, I think under any standard of review here, the district court did not have it. Well, in order to tag him with it, it has to he wasn't the driver. It wasn't his action blowing through the stop sign. So he has to be tagged with that for purposes of the enhancement, which means we have to go to 1B1.3, which means that it has to be foreseeable. Does it mean what, in your view, makes it satisfies the foreseeability element of relevant conduct? Your Honor, under 1B1.3, under the relevant conduct guideline, I think it's important to distinguish this guideline from what would in other cases be considered proximate cause, where under proximate cause, which is a very more onerous standard, the harm has to be foreseeable. Under 1B1.3, it's not the harm that has to be foreseeable. But what that guideline says is that the conduct has to be foreseeable. Yes, Your Honor, that's correct. If the conduct was in the scope, what's the conduct blowing through the stop sign at 59 miles an hour? Is that foreseeable? Your Honor, I will. Yes, I think that would be. But I don't think that's exactly the standard. It's I think in this case, under under the language of 1B1.3, it just says basically the specific offense characteristic is going to be determined based on all harm that resulted from the act of the co-conspirator or the act of the driver here, as long as it was foreseeable within the scope and furtherance of the criminal activity. So here, just the mere fact that he was this accident would have happened, but for just the simple transportation of these aliens from southwest Arizona up back to Phoenix, where the defendants were from. So I don't even think we need to get some kind of negligence standard about blowing through the stop sign. It's just for the mere act of transporting these aliens. This accident wouldn't have occurred. So but it says all acts and omissions of others that were within the scope of the jointly undertaken criminal activity and furtherance of that criminal activity and reasonably foreseeable in connection with that criminal activity. So the how do we are you saying we just look at the act of driving is reasonably foreseeable or do we have to look at failing to yield that the stop sign is reasonably foreseeable? I think under a plain reading of the guideline, it's just simply any act that was taken in furtherance and in the scope and was reasonably foreseeable. Is it reasonably foreseeable that he's just going to plow through a stop sign at 59 miles an hour? Well, Your Honor, I think if you look at the specific facts in this case, and even if the court was going to apply a more onerous standard here, the defendants were transporting the aliens in an area that was unfamiliar to them in a remote area of southwest Arizona. It was at night after dark. They were traveling at a high rate of speed. And certainly, although they were not fleeing from Border Patrol, certainly they would have been concerned with detection and apprehension. And so under those facts, I think it is reasonably foreseeable that these conditions could result in dangerousness and resulting in what was ultimately the death of the four individuals. And so, Your Honor, for these reasons, even if the court applied a more onerous standard, for the reasons I just mentioned, the enhancement was correctly applied. Your Honor, also, the district court here also sufficiently explained its ruling at the sentencing hearing. Procedural reasonableness at sentencing does not require a full opinion in every case and the adequacy of the district court's explanation can be derived from the entire record of the sentencing hearing. Here below, the government addressed causation in its objection and cited to the relevant conduct guideline as a standard of causation. Of course, the guideline itself, 2L1.1b7, does not itself provide for a standard of causation, but clearly the guidelines as a whole under the relevant conduct standard does, and that's the standard that the government requests this court to apply. And so, Your Honor, because what happened below is, excuse me, the defendant did not respond in writing to the government's objection, the defendant did not raise the issue of causation at the sentencing hearing, and of course, as we mentioned before, he did not object. So below, there was no reason for the district court to go through a long explanation or a long analysis of the issue of causation or the standard of causation because it wasn't squarely presented below to the district court. So for those reasons, it's the government's position that the district court did sufficiently explain its ruling. The one issue that was the real main difference between what probation was saying and what the government was saying, as was addressed earlier, was the issue of the standard of proof, not the standard of causation, and the district court did resolve that. But the probation officer did apply the Eighth Circuit standard, but it's not your view that that's the correct standard, is it? No, Your Honor, I don't believe it is. I think the guidelines itself clearly provide for a standard of causation here, and that's what the government believes would have applied in this case. What is that standard of causation? So under the relevant conduct guideline, the enhancement is going to apply if the harm that resulted from the acts and omissions of the defendant or others involved in the criminal activity, as we mentioned before, as long as within the scope and furtherance and reasonably foreseeable in light of that criminal activity. We know from the Supreme Court's decision in Burrage v. United States that that language, resulted from, resulting in, equates to but-for causation. And so that, in light of the Supreme Court's decision in the Burrage case... But it refers to proximate causation, which subsumes always but-for causation. So, Your Honor, I think the Burrage case said that that language, which encompasses the language in the relevant conduct guideline, equates to but-for causation, without any additional requirements. And so the government... I mean, is this kind of an academic issue? Because to what are we applying the causation under the relevant guideline here? I'm sorry? What acts? What causal connection between what act and what consequence are we looking at here? Your Honor, I think it's the causal connection between the transportation of the aliens. And so that would be the act. And even if this Court was to apply a more onerous standard, we have additional facts here that show, that would meet these... For example, Your Honor, in the... I'll use, for example, in the Eleventh Circuit, in the Dissolvidar case, said that enhancement applied if it was reasonably foreseeable that the defendants or other members of the criminal activity could create dangerous conditions likely to result in death. And other courts have said that that standard is akin to proximate cause. And under that standard, as I mentioned before... The guideline is all harm that resulted from the acts and omissions specified in subsections A1 and A2 above. And A1 is the one that tags him with the driver's conduct if the driver's acts and omissions were... And then the three elements, one of which is reasonably foreseeable. So the causal connection is between the driver's actions and the harm, which seems under any standard to be met. The real issue is what's the reasonably foreseeable requirement and how do we define that in terms of the defendant's... The driver's conduct? Well, I think it's just the acts and omissions of the co-defendant driver. And the guideline doesn't narrow that to negligent or reckless acts. It says any acts or omissions of others involved in the jointly undertaken criminal activity, which could be the driving. It could be going through the stop sign. It could be any of these factors, Your Honor. Okay. All right. Thank you, counsel. I see my time is up. Unless there's any further questions, I would ask this court to affirm the judgment and sentence. Thank you. We're here for rebuttal now. On the procedural issue, Your Honors, I refer the court to the Ninth Circuit Arrara-Roja case, which strictly, strictly applies Rule 32 to sentencing procedures, and any defect in Rule 32 needs to be reexamined. I think that this court must find that it had to be remanded, whether it's analyzed under plain error or whether it's analyzed under a more abusive discretion or a more differential standard of review. The proximate cause and but-for cause are different. The courts in this country have struggled over what proximate cause exactly is. But it's greater than just simply but-for, which is what the government is arguing to apply to this case. And but-for cause is much less than, does not require any foreseeability. But 1B1.3 does require that. Finally, last point, high rate of speed. But for the stop sign in this case, it wouldn't be a high rate of speed. Fifty-nine miles an hour on a rural highway is not particularly a high rate of speed, only in the context of there being a stop sign there and traffic, cross-traffic, did this become a dangerous and negligent high rate of speed. I thank you, counsel. The case just argued will be submitted.
judges: COLLINS, MENDOZA, DESAI